IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. H-06-0250 |
| v. | § | |
| | § | CIVIL NO. H-08-2610 |
| INES JOSE LOZANO | § | |
| # 66108-179, | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a *pro se* motion filed by Defendant Ines Jose Lozano, #66108-179, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 76.) The Government responded to the motion and filed a motion for summary judgment with an affidavit of Defendant's trial counsel, and a motion to expand the record to include counsel's affidavit. (Docket Entry No. 88.) Defendant filed a response in opposition to the motion for summary judgment and requested an evidentiary hearing. (Docket Entry No. 89.)

Upon due consideration of the pleadings, the motions and response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment, **GRANTS** the motion to expand the record, **DENIES** an evidentiary hearing, and **DENIES** the section 2255 motion, as follows.

## I.  BACKGROUND AND CLAIMS

Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, namely more than 500 grams of cocaine, and to possession

of, and aiding and abetting the possession, with intent to distribute more than 500 grams of cocaine. The Court sentenced him to 57 months' imprisonment followed by three years' supervised release. Defendant filed a timely *pro se* notice of appeal; the appeal was subsequently dismissed for failure to pay the docketing and filing fee.

In the instant motion, Defendant complains that trial counsel was ineffective in (1) failing to file and prosecute an appeal; (2) failing to object to the presentence investigation report ("PSR"); and (3) failing to object at sentencing to the Court's denial of a downward adjustment for minor role in the offense. The Government argues that these claims are unsupported and groundless.

## II. ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A criminal defendant's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

2

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

A.    Failure to File and Prosecute an Appeal

Defendant asserts that trial counsel was ineffective in failing to file a notice of appeal

or prosecute an appeal to the Fifth Circuit Court of Appeals.

In his affidavit submitted to the Court in response to Defendant's assertions, trial

counsel testifies, in relevant part, as follows:

> After Lozano was sentenced by Judge Ellison, I discussed with Lozano his
> right to appeal.  Mr. Lozano never indicated to me that he wanted to appeal
> his case.  I also discussed this matter with him prior to sentencing.  I reviewed
> the presentence report with him and he never told me he wanted to appeal his
> case.
>
> It is my practice in my representation of criminal defendants who have been
> convicted to file a *pro se* Notice of Appeal and Motion to Appoint Counsel
> and Authorize Transcript Preparation.  I also would have filed an Affidavit
> of Indigency [sic] and Motion to Withdraw.  I did not do so in this case
> because Mr. Lozano filed his Notice of Appeal without my knowledge.
>
> Lozano alleges in his 2255 motion that he asked me to file a Notice of
> Appeal.  *See* Lozano's memorandum in support of his 2255 motion at p. 4.
> This is not correct.  The 'notice of appeal' was filed by Lozano himself, and
> does not allege that he asked me to file such a notice.  *See* Docket Entry #53
> (attached as Exhibit 1).

(Docket Entry No. 88, Affidavit of Ralph R. Martinez.)

Defendant responds that, after he told trial counsel that he wanted to file an appeal,

Defendant filed a *pro se* notice of appeal.  Defendant does not disclose any time frame

between informing counsel of his intentions and the filing of his *pro se* notice of appeal.

Defendant argues that trial counsel was aware an appeal had been filed because Defendant

himself sent counsel a copy of the letter from the Fifth Circuit notifying Defendant that the

4

appeal had been dismissed for failure to pay the docketing and filing fee. The Fifth Circuit's letter expressly noted that, "The case was proceeding *pro se*, as no attorney was representing you." (Docket Entry No. 89, Exhibit A.)

The law is clear that, if a defendant requests counsel to file a notice of appeal, counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-of-time appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As stated by the Fifth Circuit Court of Appeals in *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007), if a defendant "is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and [he] will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Id.*

Defendant here does not present probative summary judgment evidence that trial counsel was ineffective under *Flores-Ortega*. He does not dispute that trial counsel consulted with him regarding an appeal; the parties dispute only whether, prior to filing his own *pro se* notice of appeal, Defendant notified trial counsel that he wanted to file an appeal. This disagreement does not constitute a genuine issue of material fact precluding summary judgment, because Defendant filed a timely *pro se* notice of appeal and, thus, was not denied his right of appeal. Nor does Defendant raise a genuine issue of material fact regarding trial counsel's "failure" to then pursue the appeal; Defendant admits that he did

not inform counsel of the appeal until after it had been dismissed, and presents no probative summary judgment evidence that counsel was otherwise aware of the appeal.

The Supreme Court held *Flores-Ortega* that a defendant need only "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." 528 U.S. at 484. In the instant case, Defendant pursued a timely *pro se* appeal, and concedes that he did not inform counsel of the appeal until after it was dismissed. Under these circumstances, no ineffective assistance of trial counsel is shown.

B.    Failure to Object to PSR

Defendant additionally complains that trial counsel failed to raise objections to the PSR. Specifically, he asserts that counsel should have objected to the two-level enhancement because Defendant had not known that his co-defendant was carrying a firearm during the offense. He further complains that counsel failed to object to the Court's denial of a downward adjustment for minor role.

In responding to these claims, trial counsel testified in his affidavit as follows:

> After Lozano plead guilty to count one before the Honorable Judge Keith Ellison, I reviewed the Presentence Investigation Report, discussed it with Lozano, and advised him that I did not see any meritorious objections to the report. Specifically, Lozano alleges in his 2255 motion that he 'informed to [sic] his counsel that he did not know that Salgate was carrying a firearm and that he should have objected to the two-levels enhancement.' *See* Lozano's Memorandum in support of Lozano's 2255 motion at p. 4. I am aware that the issue is not whether he knew that Salgate had a firearm during the transaction, but whether it was foreseeable to Lozano under the

6

circumstances.  In addition, Lozano complains that he did not receive a downward adjustment for minor role.  I am aware that to benefit from the minor role adjustment Lozano had to be 'substantially less culpable' than the average participant.  USSG § 3B1.2 cmt. background.  The PSR addressed both of these issues and I did not believe that either of these issues was a meritorious or reasonable objection.

(Docket Entry No. 88, Affidavit of Ralph R. Martinez.)

Defendant fails to show that, had trial counsel raised the requested objections, they would have been granted.  *See United States v. Chavez*, 119 F.3d 342 (5th Cir. 1997).  Defendant did not, and does not, show that his was a "minor role."  To the contrary, he and Salgate were the primary criminal actors in the offense, and nothing in the record shows that Defendant was "substantially less culpable" than Salgate.  Further, Defendant's conclusory allegation that he lacked direct knowledge that Salgate would carry a firearm does not constitute probative evidence that Salgate's use of a firearm was unforeseeable to him.  Counsel is not ineffective in failing to raise meritless arguments.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

Under these circumstances, no ineffective assistance of trial counsel is shown.

C.     Evidentiary Hearing

Defendant requests an evidentiary hearing regarding counsel's allegation that Defendant did not request an appeal.  A hearing is not required to dispose of a section 2255 motion if the motion, files, and record of the case conclusively show that no relief is

appropriate. *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995); *see also Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (concluding that if the record is adequate to fairly dispose of the motion, no hearing is required). A district court may deny a section 2255 motion without first holding an evidentiary hearing if the evidence conclusively shows that the defendant is not entitled to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

The record and evidence in this case conclusively show that petitioner is not entitled to relief, and an evidentiary hearing is not necessary for the disposition of this claim.

## III.  CONCLUSION

The Government's motions for summary judgment and to expand the record (Docket Entry No. 88) are **GRANTED**.  Defendant's request for an evidentiary hearing and the section 2255 motion (Docket Entry No. 76) are **DENIED**.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the ___13___ day of January, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE